IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROCK AYERS<br>4722 Ford Street<br>Le Raysville, PA 18829<br><br>    Plaintiff,<br><br>v.<br><br>THE PROCTER & GAMBLE PAPER<br>PRODUCTS COMPANY<br>One P&G Plaza<br>Cincinnati, OH 45201-0599<br><br>    Defendant. | JURY DEMANDED<br><br>CASE NO. |

**CIVIL ACTION COMPLAINT**

And now Plaintiff, Brock Ayers, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to the Americans with Disabilities Act of 1990 ("ADA") and Pennsylvania Human Relations Act ("PHRA") have been violated and avers as follows:

**I. PARTIES**

1. Plaintiff, Brock Ayers, hereinafter ("Plaintiff" or "Ayers"), is an adult individual residing at 4722 Ford Street. Le Raysville, PA 18829.

2. Defendant, The Procter & Gamble Paper Products Company, hereinafter ("Defendant") is a corporation, organized and existing under the laws of Ohio, registered to do business in Pennsylvania, with a principle place of business located at One P&G Plaza, Cincinnati, OH 45201.

3. Defendant owns and operates a facility located at PA-87, Mehoopany, PA 18629, where Plaintiff was employed.

1

4.      At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant and for whom Defendant is liable.

## II. JURISDICTION AND VENUE

5.      This civil action is instituted pursuant to the ADA, the PHRA, and applicable federal and state law.

6.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

7.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant in the Middle District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

8.      Plaintiff has exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act and Pennsylvania Human Relations Act as more than one year has passed since Plaintiff filed his administrative charge with the EEOC. (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission).

## III. FACTS

9.      On or about November 10, 2020, Defendant hired Mr. Ayers as a Diaper Technician.

10. In his role as a Diaper Technician, Mr. Ayers was a member of a six (6) person team.

11. Through his work and diligence for Defendant, Mr. Ayers was assigned as team leader to oversee production, which included checks on diapers.

12. All product checks that Mr. Ayers completed were reviewed and signed off by an additional individual who did not report to Mr. Ayers and was free to disagree with Mr. Ayers' inspection. Additionally, all team members are qualified to inspect products and are required to do so once per hour. Products are also inspected by Defendant's lab.

13. Mr. Ayers suffers from Cellulitis which affects him once to several times a year.

14. As a result of his conditions, Mr. Ayers' life activities are affected, as he has difficulty walking, is unable to put on his shoes, and must keep his legs elevated at all times.

15. Defendant was aware of Mr. Ayers' qualified disability.

16. In or about January 2020, Mr. Ayers, as a result of his good performance for Defendant, was placed in charge of a production team.

17. On or about February 10, 2020, a quality incident occurred during Mr. Ayers' shift.

18. This incident amounted to a small, exposed piece of elastic in the diapers.

19. This quality incident started one (1) hour before the scheduled end of Mr. Ayers' teams' twelve (12) hour shift and continued into the oncoming shift for another hour before the quality error was discovered.

20. At least three (3) other similarly situated employees of Defendant reviewed the diapers in question, and did not observe this incident, including Justin Kinney, team leader for a difference production team.

21. In total, at least eleven (11) other similarly situated employees of Defendant viewed these diapers and did not identify any quality issues.

22. On or about February 14, 2020, Mr. Ayers woke up with a severe case of Cellulitis.

23. Mr. Ayers immediately contacted his doctor.

24. Mr. Ayers' doctor recommended that he not return to work for a few weeks until his physical condition approved.

25. Mr. Ayers advised Defendant that he required leave as a result of his qualified disability and the recommendation of his doctor.

26. In or about April 2020, Mr. Ayers was permitted to return to work with accommodations set forth by his doctor, specifically to work four (4) hour shifts.

27. After initially telling Mr. Ayers that it could not accommodate Mr. Ayers reasonable accommodations, Defendant permitted Mr. Ayers to return to work with his requested accommodations.

28. However, the same day Mr. Ayers returned to work, Defendant informed him that he was being investigated for the quality incident in February and was thereafter suspended for two (2) days.

29. Following Mr. Ayers suspension, Mr. Ayers received a phone call notifying him of his termination of employment.

30. After his termination of employment, Mr. Ayers learned that he was the only employee of the twelve employees involved with the incident in February 2020 whose employment was terminated.

31. In fact, Mr. Ayers learned following his termination that he had already been replaced by a member of his team, prior to his suspension or termination.

32. Upon information and belief, the incident in February was used as pretext for the termination of Mr. Ayers' employment, the true reason being his disability and his request for accommodations under the ADA.

33. As a direct and proximate result of Defendant's conduct in terminating Plaintiff's employment, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

## IV. CAUSES OF ACTION

### COUNT I
### TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT DISCRIMINATION
### (42 U.S.C.A. § 12101 *et seq.*)

34. Plaintiff incorporates paragraphs 1-33 as if fully set forth at length herein.

35. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, an employer may not discriminate against an employee based on a disability.

36. As a result of his medical condition, Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

37. Defendant is Plaintiff's "employer" as defined by the ADA and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

38. At all times material hereto, Plaintiff had a qualified disability, as described above.

39. Based on the foregoing, Plaintiff alleges that Defendants violated the ADA by subjecting him to discrimination and/or disparate treatment on the basis of his disability.

40. The discrimination suffered by Plaintiff detrimentally affected him in that, among other things, he suffered embarrassment, humiliation, emotional distress, and disruption to his life because of Defendants actions.

41. Defendant's conduct in terminating Plaintiff's employment is an adverse action, was taken as a result of his disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

42. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

43. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

44. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, Plaintiff demands attorneys' fees and court costs.

### COUNT II
### TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT
### RETALIATION
### (42 U.S.C.A. § 12101 *et seq.*)

45. Plaintiff incorporates paragraphs 1-44 as if fully set forth at length herein.

46. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, an employer may not retaliate against an employee based upon him exercising his rights under the Americans with Disabilities Act.

47. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

48. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

49. As set forth above, Plaintiff engaged in protected activity when he requested accommodations for his qualified disability.

50. As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff engaging in protected activity and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

51. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

52. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

53. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, Plaintiff demands attorneys' fees and court costs.

## COUNT III
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT
## DISCRIMINATION
## (43 P.S. § 951, *et seq.*)

54. Plaintiff incorporates paragraphs 1-53 as if fully set forth at length herein.

55. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*, an employer may not discriminate against an employee as a result of that employee's disability.

56. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

57. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

58. Defendant's conduct in terminating Plaintiff's employment is an adverse action, was taken as a result of his disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

59. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of his earning power and capacity and a claim is made therefore.

60. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*., Plaintiff demands attorney's fees and court costs.

## COUNT IV
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT
## RETALIATION
## (43 P.S. § 951, *et seq.*)

61. Plaintiff incorporates paragraphs 1-60 as if fully set forth at length herein.

62. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*, an employer may not retaliate against an employee as a result of that employee engaging in protected activity due to that employee's disability.

63. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

64. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

65. Defendant's conduct in terminating Plaintiff's employment is an adverse action, was taken as a result of his engaging in protected activity by requesting accommodations for his disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

66. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of his earning power and capacity and a claim is made therefore.

67. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*., Plaintiff demands attorney's fees and court costs.

## V. RELIEF REQUESTED

**WHEREFORE**, Plaintiff, Brock Ayers demands judgement in his favor and against Defendant, The Procter & Gamble Paper Products Company, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

Date: 8/16/2021            **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____
**Robert H. Graff, Esquire**
**Pa. I.D. No.: 206233**
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Telephone: 267-546-0132
Telefax: 215-944-6124
Email: RobertG@ericshore.com

# EXHIBIT "A"

EEOC Form 161 (11/2020)         **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Brock Ayers<br>4722 Ford Street<br>Le Raysville, PA 18829 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-05405 | Legal Unit,<br>Legal Technician | (267) 589-9700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Dana R. Hutter* (signature)                                05/21/2021

**Dana R. Hutter,**                                         *(Date Issued)*
**Deputy Director**

Enclosures(s)

cc: Amanda Karn                              Graff, Esq, Robert H
    Director & Assistant General Counsel     2 Penn Center, Suite 1240
    1 PG PLZ                                 1500 JFK Boulevard
    C-9                                      Philadelphia, PA 19102
    Cincinnati, OH 45202